■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN RODRIGUEZ, Appellant. — Judgment, Supreme Court, Bronx County (Zimmerman, J.), rendered on January 28, 1981, affirmed. Concur — Sullivan, J. P., Fein and Milonas, JJ.

Carro and Silverman, JJ., dissent in part in a memorandum by Silverman, J., as follows: We would modify the judgment to the extent of reducing the sentence on the murder charge from 25 years to life to 20 years to life, and would otherwise affirm. The crime of which the defendant was convicted is heinous and deserves extremely severe punishment. He strangled the victim and then set fire to the apartment in which she was. She was still alive when the fire was started and she died as a result of the fire. But other circumstances persuade us that even this crime does not deserve the most extreme penalty for which our law provides. Defendant was 21 years old; his victim a woman of 45. Defendant had an IQ variously reported as 68 and 72; he read at a 1.3 grade level and performed arithmetically at a 1.9 grade level. The incident arose out of a drunken sexual encounter, which somehow developed into some kind of a fight between appellant and the victim. The victim was drunk and appellant was at least "high"; it seems likely that the sexual intercourse was voluntary on both sides and probably initiated by the decedent. It also appears likely that defendant thought the victim was already dead when he set fire to the apartment. Defendant's previous criminal record is relatively minor — indeed his adult criminal record involved only a trespass misdemeanor conviction, in which he and some companions broke the walls of a building and removed sections of plumbing pipe. For this crime defendant received a sentence of a conditional discharge. While, as we have said, the crime here involved merits extreme punishment, 20 years to life, which we recommend, can hardly be deemed light punishment. We are after all passing upon the time when the Parole Board in its discretion *may* consider whether or not to grant parole. Twenty years from now is a long time to foresee. We must assume that the Parole Board will then make its determination responsibly, with due regard for the safety of the community. And when we consider the sentences in the serious crimes that we are called upon to review, and the cases we have seen in which even more serious crimes do not receive the maximum of 25 years to life, we think the imposition of 25 years to life in this case represents a disparate sentence.